**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Reginald Neal

    v.                               Civil No. 15-cv-136-JL

Warden, Federal Correctional
Institution, Berlin, New Hampshire

**REPORT AND RECOMMENDATION**

Before the court is respondent's motion to dismiss (doc. no. 10) Reginald Neal's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  Neal has not filed an objection or other response to the motion.

**Motion to Dismiss Standard**

"In the First Circuit, the standard of review upon a motion to dismiss a habeas claim is whether the facts alleged by the petitioner, taken as true unless contradicted by the record, state a claim upon which relief can be granted."  United States v. Alba, 657 F. Supp. 2d 309, 312 (D. Mass. 2009).  The court construes pro se pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

<u>**Background and Prior Proceedings**</u>

On February 12, 2001, Neal was sentenced to a prison term of 304 months in the District of Massachusetts.  <u>See</u> <u>United States v. Neal</u>, No. 98-cr-10185-MLW (D. Mass. Feb. 12, 2001). At Neal's sentencing hearing, the judge stated:

> I will, of course, give Mr. Neal credit for the time he spent in state custody from 7/18/96 to the present, but my sentence would be the 30 years that are recommended here. . . . [Neal] will be sentenced to a term of 304 months on each count, to be served concurrently.  That 304 months is the 360 months minus the 56 months for the time that Mr. Neal was in custody from 7/18/96 to the present.  The term shall be – did I say 304 months on each count, to be served concurrently.

<u>Id.</u>, Sentencing Hr'g Tr., ECF No. 2040-2, at 5.

In calculating Neal's good conduct time ("GCT"), the Bureau of Prisons ("BOP") based its calculations on the 304-month sentence actually imposed, and not the 360-month term Neal would have received had he not been given time off of his sentence for the fifty-six months he was incarcerated pretrial.  In August 2009, after his efforts to seek an administrative remedy with the BOP failed, Neal filed a motion to correct judgment in the sentencing court, and a § 2241 petition in the Northern District of New York, where he was then incarcerated.

In his motion to correct judgment filed in the sentencing court, Neal asked the court "to Amend his Judgement to reflect that the total amount imposed in this matter is 360-months with

2

an adjustment of 56-months to reflect time spent in state
custody." Id., Mot. Correct J. (D. Mass. filed Aug. 27, 2009),
ECF No. 2040, at 2.  On September 22, 2009, that court issued
the following endorsed order:

> Defendant Neal moves to correct the sentence he
> received on March 15, 2001 because he has not received
> good conduct credit for the 56 months he spent in
> state custody prior to sentencing.  At the time of
> sentencing, this Court intended that the Bureau of
> Prisons treat his sentence as 360 months for purposes
> of calculating good conduct credit, so that his total
> time served would be equivalent to a similarly
> situated defendant who served his initial 56 months in
> federal custody.  Assuming good behavior, Neal would
> be entitled to over eight months of credit for that
> time in state custody.  See 18 U.S.C. § 3624(b).  If
> the Court had known that the Bureau of Prisons would
> not give him credit for time already served, it would
> have reduced his total sentence by eight months.  This
> Court lacks jurisdiction, however, to correct
> sentencing errors of this kind years after sentencing.
> See Fed. R. Crim. P. 35(a) ("Within 7 days after
> sentencing, the court may correct a sentence that
> resulted from arithmetical, technical, or other clear
> error."); see also United States v. Fahm, 13 F.3d 447,
> 454 n.8 (1st Cir. 1994) ("Rule 36 is considered
> generally inapplicable to judicial errors and
> omissions."[)].  The Motion to Correct Judgment in a
> Criminal Case . . . is DENIED.

Id., Docket Order (D. Mass. Sept. 22, 2009).  Neal did not
appeal that decision.

In the Northern District of New York, Neal asked the court
"to issue an Order compelling the B.O.P. to award him Good
Conduct Time based on his total term of imprisonment of 360
months (30 years), rather than his 'adjusted' term of 304

3

months." <u>Neal v. Schult</u>, No. 9:09-cv-00987-JKS, Pet. Writ Habeas Corpus Under [28 U.S.C. §] 2241 (N.D.N.Y. filed Aug. 26, 2009), ECF No. 1.  Noting the sentencing court's decision on the motion to correct judgment, the § 2241 court found that Neal was not entitled to relief, and further found that the BOP correctly interpreted the relevant federal statutes in calculating Neal's GCT.  <u>See</u> <u>id.</u>, Mem. Decision (N.D.N.Y. Sept. 13, 2012), ECF No. 11, at 6.  Neal did not appeal that decision.

Neal next filed the instant § 2241 petition, seeking the same relief he sought in the Northern District of New York. Neal states, in his petition, that "The B.O.P. erroneously failed to provide me with the full amount of Jail time credits for the 56 months the court ordered to be credited." Pet. (doc. no. 1), at 6.  Neal asks this court "to correct the erroneous sentencing calculations by reducing my sentence by approximately (8) months for Good-time credits based on the 56 month jail time credit awarded to me." <u>Id.</u> at 8.

## Discussion

In his motion to dismiss, Respondent argues that Neal's petition is barred by the "abuse of the writ" doctrine, in that the petition filed in this court contains the same claims raised and denied in Neal's § 2241 petition before the Northern

District of New York.  See Mot. Dismiss (doc. no. 10), at 3-4.
"A § 2241 petition is considered to be abusive if it raises 'the
same legal issue' addressed and resolved in a prior filing."
Rich v. Tamez, 489 F. App'x 754, 754 (5th Cir. 2012) (per
curiam) (citation omitted); see also Banks v. Warden, 467 F.
App'x 777, 777 (10th Cir. 2012) ("abuse-of-the-writ doctrine
appl[ies] to § 2241 petitions when petitioner is attempting to
raise issues that were or could have been decided in prior
habeas actions").

The court can, however, consider the merits of a claim
raised in a previous habeas petition if the petitioner can show
that the legal or factual basis for the claim was not available
to petitioner at the time the first habeas petition was
litigated, and where petitioner can show "actual prejudice
resulting from the errors of which he complains." McCleskey v.
Zant, 499 U.S. 467, 494 (1991) (applying "cause and prejudice"
to "abuse of the writ" inquiries); see also Agoro v. United
States, No. 11 Civ. 1818(SAS), 2011 U.S. Dist. LEXIS 37025, at
*8, 2011 WL 1330771, at *2 (S.D.N.Y. Apr. 4, 2011) ("A
successive petition is an abuse of the writ unless the
petitioner is able to show cause for failing to raise the
earlier claim (or seeking to raise the same claim twice) and any
resulting prejudice.").

The burden to plead abuse of the writ rests with the government.  See McCleskey, 499 U.S. at 494.  The burden of proof then falls to the petitioner.  See id.  Here, Neal has not responded to Respondent's motion to dismiss, and nothing in his petition gives rise to any basis for the court to find that the facts and arguments he asserts here were unavailable at the time he litigated his § 2241 petition in the Northern District of New York.  Further, nothing in the record before the court provides a basis to find that this court's failure to entertain Neal's claims will result in a "fundamental miscarriage of justice." Having carefully considered the entire record in this case, the court finds that Respondent has demonstrated that the "abuse of the writ doctrine" applies to bar this action.  Neal has failed to meet his burden to show that that doctrine should not be applied here.  Accordingly, the district judge should grant the motion to dismiss (doc. no. 10) and dismiss the petition.

## Conclusion

For the foregoing reasons, the district judge should grant the motion to dismiss (doc. no. 10) and dismiss the Petition (doc. no. 1).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within

the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge


June 6, 2016

cc:  Reginald Neal, pro se
     Seth R. Aframe, Esq.